**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

        Plaintiff,

v.

HALLANDALE GROUP LIMITED PARTNERSHIP,

        Defendant.

                                         /

## COMPLAINT

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually (hereinafter "Plaintiff"), sues HALLANDALE GROUP LIMITED PARTNERSHIP (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA").

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Broward County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, HALLANDALE GROUP LIMITED PARTNERSHIP, owns and operates a commercial property and hotel business located at 990 S Federal Highway, Hallandale Beach, FL 33009 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida. Defendant, HALLANDALE GROUP LIMITED PARTNERSHIP, holds itself

1

out to the public as "HAMPTON INN HALLANDALE BEACH AVENTURA".

5.     At all times material, Defendant, HALLANDALE GROUP LIMITED PARTNERSHIP, was and is a Florida Limited Partnership registered to conduct business in the State of Florida, with its principal place of business listed in Hallandale Beach, FL.

6.     Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Broward County, Florida, Defendant regularly conducts business within Broward County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Broward County, Florida.

FACTUAL ALLEGATIONS

7.     Although over thirty-three (33) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

8.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant has continued to discriminate against people who are disabled in ways that block them from access and use of Defendant's property and the businesses therein.

9.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

10.    Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the

2

wrist. He has lower paraplegia, inhibiting him from walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

11. The Plaintiff is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

12. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty-three (33) years after the legislation of the ADA, to no avail. The Plaintiff is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

13. Defendant, HALLANDALE GROUP LIMITED PARTNERSHIP, owns, operates, and oversees the Commercial Property, its general parking lot, paths of travel and walkways, the common areas of the hotel business and the hotel rooms located at the Commercial Property located in Broward County, Florida, that is the subject of this Action.

14. The subject Commercial Property is open to the public. The individual Plaintiff visited the Commercial Property, to include visits to the Commercial Property on or about February 17, 2026, through February 18, 2026, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He visits the Commercial Property in order to avail himself of the services offered there and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property on July 22, 2026, in order to avail himself of the services offered at the place of public

accommodation and check if it has been remediated of the ADA violations he encountered.

15. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of each of the premises.

16. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property. The barriers to access at the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO.

17. Defendant, HALLANDALE GROUP LIMITED PARTNERSHIP, owns and/or operates places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, HALLANDALE GROUP LIMITED PARTNERSHIP, is responsible for complying with the obligations of the ADA. The place of public accommodation where Defendant, HALLANDALE GROUP LIMITED PARTNERSHIP, owns and/or operates is the Commercial Property and hotel business located at 990 S Federal Highway, Hallandale Beach, 33009.

18. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, and with respect to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, not only to avail himself of the services available at the Commercial

Property, but to assure himself that the Commercial Property is in compliance with the ADA, so that he will have full and equal enjoyment of the Commercial Property without fear of discrimination.

19.     Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

<u>**COUNT I – ADA VIOLATIONS AS TO DEFENDANT<br>HALLANDALE GROUP LIMITED PARTNERSHIP**</u>

20.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 19 above as though fully set forth herein.

21.     Defendant, HALLANDALE GROUP LIMITED PARTNERSHIP, has discriminated, and continues to discriminate against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property are the following:

A.  <u>Parking</u>

i.   There are accessible parking spaces that do not provide signs designating them as accessible, violating Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access

aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Entrance Access and Path of Travel

i.  Plaintiff had difficulty traversing the path of travel, as it is not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  Plaintiff could not navigate the curb ramps without assistance, as there are curb ramps at the facility that contain excessive flared side slopes, violating Section 4.7.5 of the ADAAG and Section 406.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and

Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

vi.   Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

C.   Access to Goods and Services

i.   Plaintiff could not utilize the desk, as it is mounted too high. Violation: The desk counters in the Business Center are not at the prescribed height, violating Sections 4.32.4 & 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

D.   Public Restrooms

i.   Plaintiff had difficulty opening the restroom door without assistance, as the door pressure to open the door is excessive. Violation: There are doors at the facility that require excessive force to open them, in violation of Section 4.13.11 of the ADAAG and Section 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   Plaintiff could not use the toilet seat cover dispenser without assistance as it is mounted at a location where the clear floor space to access it is not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG and Section 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.   Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.   Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance

with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

E.   Accessible Guestrooms

i.   The required number of compliant accessible guestrooms is not provided, violating Section 9.1.2 of the ADAAG and Section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The rooms designated for disabled use do not provide the required number of guestrooms with compliant roll-in showers for use by the disabled, violating Section 9.1.2 of the ADAAG and Section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The accessible guestrooms are not dispersed among the various classes of sleeping accommodations available to patrons, violating Section 9.1.4 of the ADAAG and Section 224.5 of the 2010 ADA Standards, whose resolution is readily achievable

iv.   The required number of accessible guestrooms with compliant bathtubs is not provided, violating Section 9.1.2 of the ADAAG and Section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   Plaintiff had difficulty entering the bathroom without assistance, as the door threshold is too high. Violation: There are threshold rises in excess of ½ inch at the accessible guestroom entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   Plaintiff could not use the bathtub without assistance, as the required securely mounted seating is not provided. Violation: The bathtubs do not provide a compliant seat as required in Sections 4.20.3 of the ADAAG and Section 607.3 of the 2010 ADA Standards, whose

resolution is readily achievable.

vii.   The shower spray unit is not located at a lowered height. Violation: Accessible elements are not properly maintained violating 28 CFR 36.211, whose resolution is readily achievable.

viii.   Plaintiff could not use the lavatory without assistance, as the required knee clearance is not provided. Violation: There are accessible guestroom lavatories without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.   Plaintiff could not traverse through areas of the guest room, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the guest room is not provided, violating Sections 4.2.1 and 4.3.3 of the ADAAG and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

x.   Plaintiff had difficulty entering the guestroom without assistance, as the door thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

xi.   Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully insulated or maintained violating Section 4.19.4 of the ADAAG and Sections 4.23.6 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

22.     Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA identified in this Complaint in conjunction with Rule 34 and timely notice. Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

23.     The individual Plaintiff has been denied access to and has been denied full and equal enjoyment of the services, facilities privileges, benefits, programs, and activities offered by the Defendant, Defendant's building and facilities therein; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA, as requested herein. Plaintiff requests the inspection of the barriers listed herein in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

24.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendant continues to discriminate against Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take

such efforts that may be necessary to ensure that no individual with a disability, such as the Plaintiff, is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation. The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

27.     Notice to a defendant is not required as a result of the defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

28.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's injunctive relief, including an order to alter the Commercial Property, located at 990 S Federal Highway, Hallandale Beach, 33009, the exterior and interior areas, including but not limited to guest rooms and common areas, to make those facilities readily accessible and useable to the Plaintiff; or by closing the facility until such time as the Defendant cures the violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities, such as the Plaintiff, to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, such as the Plaintiff; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: May 11, 2026

Respectfully submitted by,

**GARCIA-MENOCAL, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 553-3464
Primary E-Mail: aquezada@lawgmp.com
Secondary E-Mail: yabdalla@lawgmp.com

By: ___*/s/  Alfredo Garcia-Menocal*___
ALFREDO GARCIA-MENOCAL
Florida Bar No.: 533610

**THE LAW OFFICE OF RAMON J. DIEGO, P.A.**
*Attorneys for Plaintiff*
5001 SW 74th Court, Suite 103
Miami, FL, 33155
Telephone: (305) 350-3103
Primary E-Mail: rdiego@lawgmp.com
Secondary E-Mail: ramon@rjdiegolaw.com

13

By: ___*/s/ Ramon J. Diego*_____
RAMON J. DIEGO
Florida Bar No.: 689203